## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **SARGENT ELECTRIC COMPANY,** | : | |
| | : | **Bankruptcy No. 05-26052-MBM** |
| Debtor. | : | |
| ............................................................ | : | .................................................................... |
| **Jefferson County Commission,** | : | **Chapter 11** |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. No's. 521, 589,** |
| | : | **644, 657 & 682** |
| **Sargent Electric Company,** | : | |
| Respondent. | : | |

Appearances:     Michael L. Hall, Jennifer A. Harris, and Christopher P.
Schueller, for the Jefferson County Commission.
Michael Kaminski and Patrick W. Carothers, for the
Committee of Unsecured Creditors to Sargent Electric Co.

### MEMORANDUM OPINION

Sargent Electric Company, the instant debtor (hereafter "the Debtor"),

brought a pre-petition breach of contract action against the Jefferson County

Commission (hereafter "Jefferson County") in the United States District Court for

the Northern District of Alabama (hereafter "the Debtor's Action"). On the basis

of a forum selection clause contained in the contract at issue in the Debtor's

Action (hereafter "the Forum Selection Clause"), such action was then

transferred to the Alabama Circuit Court for Jefferson County (hereafter "the

Alabama Circuit Court"). Upon filing for bankruptcy, the Debtor removed the

Debtor's Action to the United States Bankruptcy Court for the Northern District of

Alabama. Subsequent thereto, Jefferson County obtained a consensual remand

of the Debtor's Action back to the Alabama Circuit Court, where such action is

now pending.

Jefferson County filed a counterclaim to the Debtor's Action in the Alabama Circuit Court (hereafter "Jefferson County's Counterclaim").  Jefferson County also filed in the instant bankruptcy case, just prior to the established claims bar date in such case, a proof of claim that sets forth such counterclaim so as to preserve its right of recovery regarding the same (hereafter "Jefferson County's Proof of Claim").  Both the Debtor and the Unsecured Creditors Committee for the Debtor (hereafter "the Committee") subsequently objected to Jefferson County's Proof of Claim (hereafter "the Debtor's Objection to Claim") and filed as a counterclaim thereto essentially the same cause of action that constitutes the Debtor's Action that is pending in the Alabama Circuit Court (hereafter "the Debtor's Counterclaim").  Because a reorganization plan for the Debtor has since been confirmed in the instant case, and since the Committee thereby has been appointed as the bankruptcy estate representative with sole standing to prosecute the Debtor's Action in the Alabama Circuit Court, the Debtor's Objection to Claim in the instant court, and the Debtor's Counterclaim in the instant court, the Debtor's Objection to Claim and the Debtor's Counterclaim that were formally brought by the Debtor have essentially been merged into that which was formally brought by the Committee.

Also pending before the Court are (a) Jefferson County's motion for relief from stay so that it may proceed to liquidate Jefferson County's Counterclaim in the Alabama Circuit Court, (b) Jefferson County's motion to dismiss the Debtor's Counterclaim or, in the alternative, to stay litigation of the same in this Court, and

2

(c) a motion by the Debtor to enforce the automatic stay against Jefferson County, which motion the Debtor brought in response to a motion brought by Jefferson County in the Alabama Circuit Court to dismiss the Debtor's Action therein for the Debtor's failure to prosecute such action.  The two aforesaid motions by Jefferson County, which motions are largely predicated upon the presence of the Forum Selection Clause, are opposed by the Committee.

For the reasons set forth below, the Court shall stay litigation of the Debtor's Counterclaim in this Court until the Debtor's Action – which is identical in substance to the Debtor's Counterclaim – is prosecuted to judgment in the Alabama Circuit Court.  The Court shall also grant to Jefferson County relief from stay so that it may raise in the Alabama Circuit Court any type of defense – procedural, substantive, or otherwise – that it has at its disposal with respect to the Debtor's Action; of course, Jefferson County need not obtain stay relief to recoup Jefferson County's Counterclaim (which is identical to Jefferson County's Proof of Claim in the instant case) since such recoupment does not violate the automatic stay.  By granting such stay relief to Jefferson County, the Court thereby prospectively renders moot the Debtor's stay enforcement action against Jefferson County.  However, the Court will not grant any relief to Jefferson County so that it may affirmatively prosecute, that is liquidate, Jefferson County's Counterclaim (i.e., Jefferson County's Proof of Claim) in the Alabama Circuit Court – Jefferson County is, thus, henceforth confined to only seeking to recoup such counterclaim in such court in response to the Debtor's Action in the same court.  Nevertheless, the Court will stay as well any necessary liquidation of

AO 72A
(Rev. 8/82)

Jefferson County's Counterclaim (i.e., Jefferson County's Proof of Claim) until the Debtor's Action in the Alabama Circuit Court is prosecuted to judgment in such court.

## DISCUSSION

**I.**    **Jefferson County's motion to dismiss the Debtor's Counterclaim or, in the alternative, to stay litigation of the same in this Court.**

Because the Debtor's Counterclaim is identical in substance to the Debtor's Action, and since, argues Jefferson County, the Forum Selection Clause dictates that the Debtor's Action be tried only in the Alabama Circuit Court, Jefferson County (a) essentially contends that the Debtor's Counterclaim may only be tried in such court as well, and (b) asserts that the Debtor's Counterclaim may not be tried in this Court.  Consequently, Jefferson County moves to dismiss the Debtor's Counterclaim or, in the alternative, to stay litigation of the same in this Court until the Debtor's Action is prosecuted to judgment in the Alabama Circuit Court.

The Committee concedes both that (a) the Debtor's Counterclaim is identical in substance to the Debtor's Action, and (b) the Forum Selection Clause dictates that the Debtor's Action be tried only in the Alabama Circuit Court. However, the Committee contends that the Forum Selection Clause need not, indeed should not, be respected by this Court given (a) the presence now of Jefferson County's Proof of Claim, which proof of claim operates to make the Debtor's Counterclaim core in nature, (b) the policy of centralizing core matters in the bankruptcy court, and (c) that enforcement of the Forum Selection Clause,

4

argues the Committee, would so seriously inconvenience the Committee as to be unreasonable. Consequently, contends the Committee, the Debtor's Counterclaim (a) may be tried outside the Alabama Circuit Court, and (b) should be tried in this Court. The Committee also argues that, by virtue of having filed Jefferson County's Proof of Claim, Jefferson County has waived its right to have the Forum Selection Clause enforced, which waiver, contends the Committee, likewise supports a decision that the Debtor's Counterclaim be tried in this Court.

The foregoing contentions by the parties raise the following issues: (a) whether, on the one hand, the Forum Selection Clause should be enforced so that the Debtor's Counterclaim will not be tried in this Court, or, on the other hand, the Forum Selection Clause should not be enforced, in which case the Debtor's Counterclaim may – and should – be tried in this Court, and (b) whether the filing of Jefferson County's Proof of Claim operates as a waiver by Jefferson County of its right to have the Forum Selection Clause enforced?

As an initial matter, "[t]he Third Circuit has specifically held that a litigant can file a proof of claim in a bankruptcy case without waiving the provisions of a forum selection clause." In re Access Care, Inc., 333 B.R. 706, 710 n.5 (Bankr.E.D.Pa. 2005) (citing Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 204 (3rd Cir. 1983), overruled on other grounds by Lauro Lines v. Chasser, 490 U.S. 495, 109 S.Ct. 1976, 104 L.Ed.2d 548 (U.S. 1989)).[1]

---

[1]See also Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 885 F.2d 1149, 1161 n.22 (3rd Cir. 1989) (noting that, even though the Coastal Steel decision has been overruled with respect to its holding that orders declining to enforce forum selection clauses are immediately appealable, "that aspect of the

5

AO 72A
(Rev. 8/82)

Therefore, the filing of Jefferson County's Proof of Claim does not operate as a waiver by Jefferson County of its right to have the Forum Selection Clause enforced.

Also at the outset, Jefferson County asserts, the Committee concedes, and the Court holds in any event, that the Alabama Circuit Court possesses concurrent subject matter jurisdiction over the Debtor's Action – and thus concurrent subject matter jurisdiction over the cause of action that comprises the Debtor's Counterclaim – regardless of whether such action and counterclaim are viewed as core or noncore in nature. *See* 28 U.S.C. § 1334(b) (West 1993) ("the district courts shall have original *but not exclusive* jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11"). Because the Alabama Circuit Court possesses such concurrent subject matter jurisdiction, the Debtor's Action – and thus essentially the Debtor's Counterclaim – must be tried in such court, absent some basis for stopping such litigation in such court, even if (a) this Court were to discretionarily decide not to honor the Forum Selection Clause and, thus, were to decide to try the Debtor's Counterclaim, and (b) the filing of Jefferson County's Proof of Claim had effected a waiver by Jefferson County of its right to have the Forum Selection Clause enforced. Is there some basis for stopping the aforesaid litigation in the Alabama Circuit Court? This Court concludes that there is not because (a) an injunction of such litigation is neither sought by the Committee nor warranted by

---

[Coastal Steel] decision dealing with the interplay of forum selection clauses and the Bankruptcy Code remains valid").

6

existing applicable law, and (b) it is highly unlikely, the Court summarily decides,

that the Alabama Circuit Court would now allow the Committee to dismiss the

Debtor's Action in such court without prejudice.  Consequently, the Debtor's

Action – and thus essentially the Debtor's Counterclaim – must be tried in the

Alabama Circuit Court even if this Court were to discretionarily decide not to

honor the Forum Selection Clause and, thus, were to decide to try the Debtor's

Counterclaim.

Proceeding to address the issue of whether this Court should enforce the

Forum Selection Clause, the Court notes that the parties agree, as they must,

that:

a forum selection clause is presumptively valid and will be enforced

unless the party objecting to its enforcement establishes (1) that it

is the result of fraud or overreaching, (2) that enforcement would

violate a strong public policy of the forum, or (3) that enforcement

would in the particular circumstances of the case result in litigation

in a jurisdiction so seriously inconvenient as to be unreasonable.

Coastal Steel, 709 F.2d at 202.

As noted above, the Committee takes the position that to enforce the

Forum Selection Clause and not try the Debtor's Counterclaim in this Court

would violate the policy of centralizing core matters in the bankruptcy court.

Indeed, the Committee is correct that "public policy does favor centralization of

[core] bankruptcy proceedings in the bankruptcy court." Arrow Plumbing and

Heating, Inc. v. North American Mechanical Services Corp., 810 F.Supp. 369,

7

373 (D.R.I. 1993) (citing, *inter alia*, In re Wheeling-Pittsburgh Steel Corp., 108

B.R. 82 (Bankr.W.D.Pa. 1989)).  However, and unfortunately for the Committee,

such public policy is rendered inapplicable in the circumstance where core

matters necessarily may not be centralized within a bankruptcy court.  *See*

Envirolite Enterprises, Inc. v. Glastechnische Industrie Peter Lisec Gesellschaft

M.B.H., 53 B.R. 1007, 1013 (S.D.N.Y. 1985); Arrow Plumbing, 810 F.Supp. at

373; In re Millennium Studios, Inc., 286 B.R. 300, 307 (D.Md. 2002); In re The

Bennett Funding Group, Inc., 259 B.R. 243, 252 (N.D.N.Y. 2001); Gruner AG v.

KG Components, Inc., 2002 WL 596360 at 2 (N.D.Ill. 2002).  In such a

circumstance, the "public policy favoring the enforcement of the forum selection

[clause] prevails."  Millennium Studios, 286 B.R. at 307.  Because, as explained

above, the Debtor's Action – and thus essentially the Debtor's Counterclaim –

must be tried in the Alabama Circuit Court even if this Court were to

discretionarily decide not to honor the Forum Selection Clause and, thus, were to

decide to try the Debtor's Counterclaim, litigation regarding the core matter that

is the Debtor's Counterclaim necessarily may not be centralized within this Court,

thereby rendering inapplicable in the instant matter the public policy of

centralizing core matters in the bankruptcy court.  Therefore, to enforce the

Forum Selection Clause and not try the Debtor's Counterclaim in this Court

would not serve to violate the policy of centralizing core matters in the

bankruptcy court; instead, given that such centralization necessarily cannot occur

with respect to the Debtor's Counterclaim, the public policy of enforcing a forum

selection clause prevails so that the Forum Selection Clause should be enforced.

8

The Committee, as set forth above, also takes the position that enforcement of the Forum Selection Clause in the instant matter would result in litigation in a jurisdiction so seriously inconvenient to the Committee as to be unreasonable, that is, in other words, that the Alabama Circuit Court is so gravely difficult and inconvenient to the Committee that forced litigation therein would for all practical purposes operate to deny the Committee its day in court. The Court discerns but two discrete grounds for such position of serious inconvenience by the Committee, namely (a) additional cost to the Committee were it to have to litigate in Alabama, and (b) potential prejudice of the Alabama Circuit Court in favor of Jefferson County and against the Debtor. "[A] party objecting to the enforcement of a forum selection clause as 'unreasonable' must meet a strict standard of proof," In re Diaz Contracting, Inc., 817 F.2d 1047, 1051-52 (3rd Cir. 1987), overruled on other grounds as recognized by Hays, 885 F.2d at 1161 n.22, that is such party has a "heavy burden of proving unreasonableness and injustice." Id. at 1053. "The inconvenience of additional expenses does not meet the heavy burden of proving unreasonableness." Intermetals Corp. v. Hanover International Aktiengesellschaft Fur Industrieversicherungen, 188 F.Supp.2d 454, 460 (D.N.J. 2001) (citing Diaz, 817 F.2d at 1053). Applying the foregoing law to the Committee's arguments, the Committee cannot meet its heavy burden of proving unreasonableness simply by establishing that it would incur additional costs were the Forum Selection Clause to be enforced. Furthermore, because, as explained above, the Debtor's Action – and thus essentially the Debtor's Counterclaim – must be tried in the Alabama

AO 72A
(Rev. 8/82)

Circuit Court even if this Court were to discretionarily decide not to honor the

Forum Selection Clause and, thus, were to decide to try the Debtor's

Counterclaim, the Committee would not save costs even if the Court were not to

enforce the Forum Selection Clause.  Moreover, the Committee, in any event,

has failed to sufficiently demonstrate that, if litigation in the instant matter could

*arguendo* be centralized in this Court rather than in Alabama, the Committee

would save costs – the Court so concludes because the Committee fails to

demonstrate, for instance, that the costs of counsel to represent the Committee

in the instant matter and of discovery would be less if such litigation occurred

solely in this Court rather than in the Alabama Circuit Court.  Finally, the

Committee's bald and unsubstantiated allegations of prejudice against the

Debtor on the part of the Alabama Circuit Court fall woefully short of meeting the

Committee's heavy burden of proving unreasonableness and injustice so as to

bar enforcement of the Forum Selection Clause.  Therefore, the Court is

constrained to hold that its enforcement of the Forum Selection Clause in the

instant matter would not result in litigation in a jurisdiction so seriously

inconvenient to the Committee as to be unreasonable.

        In light of the foregoing, the Court determines that it must enforce the

Forum Selection Clause in the instant matter, which means that the Debtor's

Counterclaim will not be tried in this Court.  So as to accomplish such result, the

Court shall stay litigation of the Debtor's Counterclaim in this Court until the

Debtor's Action – which is identical in substance to the Debtor's Counterclaim –

is prosecuted to judgment in the Alabama Circuit Court.  The Court prefers to

10

stay litigation of, rather than dismiss, the Debtor's Counterclaim, at least at this time, because such a stay is much less drastic than such a dismissal yet it will accomplish the desired result.

**II.**  **Stay relief to Jefferson County with respect to litigation in the Alabama Circuit Court regarding the Debtor's Action and Jefferson County's Counterclaim.**

As an initial matter, the Court denies Jefferson County's motion for relief from stay so that it may proceed to liquidate Jefferson County's Counterclaim in the Alabama Circuit Court because (a) such counterclaim has since been discharged by virtue of the confirmation of the Debtor's reorganization plan, (b) the discharge injunction afforded by 11 U.S.C. § 524 now operates to prevent an affirmative pursuit by Jefferson County of such counterclaim in another court, and (c) the aforesaid operation of § 524 to such counterclaim renders senseless a grant of stay relief to pursue liquidation of such counterclaim in another court.

The Court also does not find that Jefferson County, at least at the present time, presents a sufficient case for the extraordinary grant of relief from the § 524 discharge injunction so that it may then liquidate Jefferson County's Counterclaim in the Alabama Circuit Court.  The Court finds as it does particularly given that (a) Jefferson County is free to assert Jefferson County's Counterclaim defensively while litigating the Debtor's Action in the Alabama Circuit Court, that is Jefferson County may assert such counterclaim in recoupment while litigating within such court, (b) any necessary liquidation of such counterclaim can be accomplished in this Court within the context of the

11

Committee's objection to Jefferson County's Proof of Claim, and (c) the Court

can, and will, remove the burden of litigating such claim objection by the

Committee simultaneous with litigation of the Debtor's Action in the Alabama

Circuit Court by staying such claim objection until the Debtor's Action has been

prosecuted to judgment in the Alabama Circuit Court.

Finally, the Court grants to Jefferson County relief from stay so that it may

raise in the Alabama Circuit Court any type of defense – procedural, substantive,

or otherwise – that it has at its disposal with respect to the Debtor's Action.  Of

course, Jefferson County need not obtain stay relief to recoup Jefferson

County's Counterclaim against the Debtor's Action since such recoupment does

not violate the automatic stay.  Furthermore, such recoupment does not run afoul

of the § 524 discharge injunction.  By granting such stay relief to Jefferson

County, the Court thereby prospectively renders moot the Debtor's stay

enforcement action against Jefferson County.

## CONCLUSION

For all of the foregoing reasons, the Court

(a)     stays litigation of the Debtor's Counterclaim in this Court until the Debtor's

Action is prosecuted to judgment in the Alabama Circuit Court;

(b)     denies Jefferson County's motion for relief from stay so that it may

proceed to liquidate Jefferson County's Counterclaim in the Alabama

Circuit Court;

(c)     denies any other form of relief to Jefferson County (i.e., relief from the

§ 524 discharge injunction) so that it may then liquidate Jefferson

12

County's Counterclaim in the Alabama Circuit Court;

(d)    stays the Committee's objection to Jefferson County's Proof of Claim until
       the Debtor's Action has been prosecuted to judgment in the Alabama
       Circuit Court;

(e)    grants to Jefferson County relief from stay so that it may raise in the
       Alabama Circuit Court any type of defense – procedural, substantive, or
       otherwise – that it has at its disposal with respect to the Debtor's Action;
       and

(f)    denies as moot the Debtor's stay enforcement action against Jefferson
       County.

       An appropriate order will be entered.

                                    BY THE COURT



                                    M. BRUCE McCULLOUGH,
                                    U.S. Bankruptcy Judge

DATED:    March 15, 2006

13

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:                                :
                                      :
**SARGENT ELECTRIC COMPANY,**         :
                                      :    **Bankruptcy No. 05-26052-MBM**
              Debtor.                 :

...........................................................:..............................................................

**Jefferson County Commission,**      :    **Chapter 11**
              Movant,                 :
                                      :
              v.                      :    **Related to Doc. No's. 521, 589,**
                                      :              **644, 657 & 682**
**Sargent Electric Company,**         :
              Respondent.             :

## <u>ORDER OF COURT</u>

     **AND NOW,** this **15th day** of **March, 2006,** for the reasons set forth in the accompanying Memorandum Opinion of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that[1]

(a)    litigation of the Debtor's Counterclaim is **STAYED** in this Court until the Debtor's Action is prosecuted to judgment in the Alabama Circuit Court;

(b)    Jefferson County's motion for relief from stay so that it may proceed to liquidate Jefferson County's Counterclaim in the Alabama Circuit Court is **DENIED WITH PREJUDICE;**

(c)    any other form of relief to Jefferson County (i.e., relief from the § 524 discharge injunction) so that it may then liquidate Jefferson County's Counterclaim in the Alabama Circuit Court is **DENIED WITHOUT**

---

[1]The nomenclature that is utilized by the Court in the instant Order of Court is the same as that which is utilized by the Court in the accompanying Memorandum Opinion of the same date.

**PREJUDICE**;

(d)     the Committee's objection to Jefferson County's Proof of Claim is

**STAYED** until the Debtor's Action has been prosecuted to judgment in the

Alabama Circuit Court;

(e)     Jefferson County is **GRANTED** relief from stay so that it may raise in the

Alabama Circuit Court any type of defense – procedural, substantive, or

otherwise – that it has at its disposal with respect to the Debtor's Action;

and

(f)     the Debtor's stay enforcement action against Jefferson County is **DENIED**

**AS MOOT**.

                                            **BY THE COURT**

                                            **M. BRUCE McCULLOUGH,**
                                            **U.S. Bankruptcy Judge**

cm:     Patrick W. Carothers
        Michael Kaminski
        One Oxford Centre, 14th Floor
        301 Grant Street
        Pittsburgh, PA 15219-1425

        David B. Salzman
        Douglas A. Campbell
        1700 Grant Building
        Pittsburgh, PA 15219

        Christopher Schueller
        Timothy Palmer
        One Oxford Centre, 20th Floor
        301 Grant Street
        Pittsburgh, PA 15219

                                            2

AO 72A
(Rev. 8/82)

Gregory L. Taddonio
Reed Smith LLP
435 Sixth Avenue
Pittsburgh, PA 15219

Leonard F. Spagnolo
The Bentz Law Firm
The Washington Center Building
680 Washington Road, Suite 200
Pittsburgh, PA 15228

Office of the U. S. Trustee
Suite 970 Liberty Center
1001 Liberty Avenue
Pittsburgh, PA 15222

AO 72A
(Rev. 8/82)